Steve Sanders, Esq. (SB#171369)
Sanders & Associates
3960 Industrial Blvd., Ste. 100
West Sacramento, CA 95691

Attorney for Plaintiff

UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA CREAL,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF FAIRFIELD; PAUL AUGUSTO;<br>CHUCK TIMM; DOES 1-10,<br><br>    Defendants | Case No:<br><br>COMPLAINT<br>DEMAND FOR JURY TRIAL |

**JURISDICTION AND VENUE**

1.  This action arises under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States as well as *42 U.S.C. 1983*.

2.  Jurisdiction is conferred upon this Court under *28 U.S.C. 1331* and *42 U.S.C. 1983*. Jurisdiction over the state pendant claims is conferred upon the Court under *28 U.S.C. 1367*.

3.  Venue is proper in this District Court as all acts alleged occurred within this District.

**PARTIES**

4.  Plaintiff TANYA CREAL is an individual who at all times relevant herein resided in Fairfield, California.

1

5. Defendant CITY OF FAIRFIELD was at all times relevant herein responsible for ensuring that its police officers operated in compliance with State and Federal Constitutional mandates, local operational procedures and with respect for the rights of citizens. Defendant CITY OF FAIRFIELD at all times relevant herein acted under color of authority of state law.

6. Defendant PAUL AUGUSTO is an individual who was at all times relevant herein a member of the Fairfield Police Department with a duty to perform all tasks in compliance with State and Federal Constitutional mandates, local operational procedures and with respect for the rights of citizens. Defendant PAUL AUGUSTO at all times relevant herein acted under color of authority of state law.

7. Defendant CHUCK TIMM is an individual who was at all times relevant herein a member of the Fairfield Police Department with a duty to perform all tasks in compliance with State and Federal Constitutional mandates, local operational procedures and with respect for the rights of citizens. Defendant CHUCK TIMM at all times relevant herein acted under color of authority of state law.

8. DOES 1-10 are individuals who were at all times relevant herein members of the Fairfield Police Department with a duty to perform all tasks in compliance with State and Federal Constitutional mandates, local operational procedures and with respect for the rights of citizens. Defendant DOES 1-10 at all times relevant herein acted under color of authority of state law.

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this compliant to allege their true names and capacities when this information is ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant is intentionally or negligently responsible in some manner for the occurrences herein alleged, and plaintiff's injuries as alleged herein were proximately caused by these defendants'

intentional or negligent misconduct. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

10. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned that each of the defendants, including all defendants sued under fictitious names, were the agents and employees of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency and employment.

11. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants PAUL AUGUSTO and CHUCK TIMM were the employees and agents of defendant CITY OF FAIRFIELD, and in doing the things hereinafter alleged, were acting within the course and scope of that agency.

**GENERAL STATEMENT**

12. This proceeding is an action by plaintiff TANYA CREAL to obtain a finding that the defendants assaulted, battered, and intentionally and negligently inflicted emotional distress upon plaintiff TANYA CREAL and for money damages to compensate for said losses or wrongs.

**ALLEGATIONS**

13. Plaintiff TANYA CREAL was driving a 1987 Cadillac De Ville on April 20, 2004.

14. The 1987 Cadillac De Ville was stopped by defendant CHUCK TIMM on April 20, 2004.

15. Defendant CHUCK TIMM asked plaintiff TANYA CREAL for identification during the stop and was given plaintiff TANYA CREAL's temporary driver's license from the California Department of Motor Vehicles.

16. Defendant CHUCK TIMM contested the validity of plaintiff TANYA CREAL's proffered license.

17. Defendant CHUCK TIMM forcibly removed plaintiff TANYA CREAL from her vehicle and threw her violently against the side of her vehicle.

18. Defendant CHUCK TIMM, with the assistance of defendant PAUL AUGUSTO, held plaintiff TANYA CREAL against her vehicle and pinned and handcuffed both arms behind her back.

19. Plaintiff TANYA CREAL informed defendants CHUCK TIMM and PAUL AUGUSTO that this position caused her excruciating pain due to existing spinal injuries, to no avail.

20. Defendant PAUL AUGUSTO thereafter grabbed plaintiff TANYA CREAL by the hair, threw her against his police vehicle, and continued to physically assault her by use of excessive force despite her protestations of severe pain.

21. Defendant PAUL AUGUSTO placed plaintiff TANYA CREAL into the back of his police car and made several threatening and racially discriminatory comments to her, including telling her that she had no rights and should be afraid of him.

22. Defendant PAUL AUGUSTO began to transport plaintiff TANYA CREAL to jail.

23. Defendant PAUL AUGUSTO stopped his vehicle en route, removed plaintiff TANYA CREAL from the back of the vehicle, and struck her on her face with a closed fist.

24. Defendant PAUL AUGUSTO struck plaintiff TANYA CREAL repeatedly in the head with his fist as she lay on the ground, still in handcuffs.

25. Defendant PAUL AUGUSTO further kicked plaintiff TANYA CREAL several times in the back.

26. Defendant PAUL AUGUSTO transported plaintiff TANYA CREAL to the North Bay Emergency Room at the recommendation of Officer Garcia, who had arrived at the scene.

27. At the hospital, defendant PAUL AUGUSTO intimidated plaintiff TANYA CREAL with his presence and encouraged hospital staff to cause her pain while drawing blood.

28. On or about October 18, 2004, plaintiff TANYA CREAL delivered a claim to defendant CITY OF FAIRFIELD through a Deputy City Clerk for the injuries, disability, losses and damages suffered and incurred by her by reason of the above-described occurrence, all in compliance with the requirements of Section 905 of the Government Code. A copy of the claim is attached hereto as Exhibit A and made a part hereof.

## FIRST CAUSE OF ACTION

### Assault

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 of this complaint as fully set forth herein.

30. As is more fully described above, on or about April 20, 2004 in Fairfield, California, defendant PAUL AUGUSTO, acting under color of authority of state law, made numerous discriminatory and threatening statements to plaintiff.

31. In doing the acts as alleged above, defendant PAUL AUGUSTO intended to cause or to place plaintiff in apprehension of a harmful contact with plaintiff's person.

32. As a result of defendant PAUL AUGUSTO's acts as alleged above, plaintiff was in fact placed in great apprehension of a harmful contact with plaintiff's person.

33. At no time did plaintiff consent to any of the acts of defendant alleged in this cause of action.

///

///

///

5

## SECOND CAUSE OF ACTION

### Battery

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 of this complaint as fully set forth herein.

35. As is more fully described above, on or about April 20, 2004 in Fairfield, California, defendant CHUCK TIMM forcibly removed plaintiff from her vehicle and, with the assistance of defendant PAUL AUGUSTO, caused her intense pain through the process of applying restraints.

36. At a later time defendant PAUL AUGUSTO removed plaintiff from his vehicle during transport and struck her with both fists and feet while she was restrained and immobilized.

37. In doing the acts as alleged above, defendants acted under color of authority of state law with the intent to make a contact with plaintiff's person.

38. At no time did plaintiff consent to any of the acts of defendants alleged in this cause of action.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 38 of this complaint as fully set forth herein.

40. In doing the acts as alleged above, defendants engaged in outrageous conduct that they directed at plaintiff.

41. Defendants acted with the intention of causing or reckless disregard of the probability of causing emotional distress to plaintiff.

42. Plaintiff suffered severe emotional distress that was actually and proximately caused by the outrageous conduct of defendants.

## FOURTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42 of this complaint as fully set forth herein.

44. Defendants had a legal duty to use due care with plaintiff.

45. In doing the acts as alleged above, defendants breached that duty.

46. Plaintiff suffered severe emotional distress that was actually and proximately caused by defendants' breach of duty.

## FIFTH CAUSE OF ACTION

### Respondeat Superior

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36 of this complaint as fully set forth herein.

48. At all times herein mentioned, defendants CHUCK TIMM and PAUL AUGUSTO were the agents and employees of defendant CITY OF FAIRFIELD and, in doing the acts herein described and referred to, were acting in the course and within the scope of their authority as agents and employees, and in the transaction of the business of the employment or agency. Defendant CITY OF FAIRFIELD is, therefore, liable to the plaintiff for the acts of defendants CHUCK TIMM and PAUL AUGUSTO as heretofore alleged.

## STATEMENT OF CAUSATION

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 of this complaint as fully set forth herein.

50. As a proximate result of the acts of defendants as alleged in the first through fifth causes of action, plaintiff suffered a contusion to the face involving injury to her left eye, damage to her lumbar vertebrae, chronic and consistent headaches, blurred vision, and emotional stress and trauma.

7

1      51.    As a proximate result of the acts of defendants alleged in the first through fifth causes of action, plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her nervous system and person, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries will result in some permanent disability to her. As a result of these injuries, plaintiff has suffered general damages.

     52.    As a further proximate result of the acts of defendants, plaintiff has incurred, and will continue to incur, medical and related expenses. The full amount of these expenses is not known to plaintiff at this time.

     53.    The aforementioned conduct of defendants was willful and malicious and was intended to oppress and cause injury to plaintiff. Plaintiff is therefore entitled to an award of punitive damages.

     WHEREFORE, plaintiff prays judgment on all causes of action against defendants as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For lost earnings, past and future, according to proof;
4. For punitive damages;
5. For interest as allowed by law;
6. For costs of suit herein incurred; and
7. For such other and further relief as the court may deem proper.

Dated:   March 14, 2006                                         /s/ Steven C. Sanders, Esq.