1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                       ----oo0oo----

11  TANYA CREAL,
                                NO. CIV. S-06-560 WBS PAN (JFM)
12        Plaintiff,

13      v.                      MEMORANDUM AND ORDER RE:
                                MOTION FOR A MORE DEFINITE
14                              STATEMENT AND PARTIAL MOTION
                                TO DISMISS
15  CITY OF FAIRFIELD, PAUL
16  AUGUSTO, CHUCK TIMM, DOES 1-
    10,
17
          Defendants.
18
                         ----oo0oo----
19
20        Defendants City of Fairfield and Paul Augusto move for

21  a more definite statement under Rule 12(e) and to dismiss in part

22  for failure to state a claim upon which relief may be granted,

23  pursuant to Rule 12(b)(6).  For the reasons given below, the

24  court grants these motions in part.

    I.   Factual and Procedural Background
25
          On April 20, 2004, plaintiff was driving a 1987
26
    Cadillac De Ville when she was stopped by defendant Chuck Timm, a
27
    member of the Fairfield Police Department.  (Compl. ¶¶ 7, 13,
28

                                1

14.)  When plaintiff was asked to present her license and identification, she handed defendant Timm her temporary driver's license from the California Department of Motor Vehicles.  (Id. ¶ 15.)  After contesting the validity of plaintiff's proffered license, defendant Timm was allegedly assisted by defendant Augusto in restraining and physically assaulting plaintiff with excessive force.  (Id. ¶¶ 16-20.)  Defendants allegedly continued to restrain plaintiff even after she informed them that being restrained caused her great pain because of pre-existing spinal injuries.  (Id. ¶ 19.)  Subsequently, upon placing plaintiff in the back of the police vehicle, defendant Augusto allegedly made threatening and racially discriminatory comments to her.  (Id. ¶ 21.)

While plaintiff and defendants were presumably en route to the police station, defendant Augusto allegedly stopped the patrol car, removed plaintiff from the vehicle, and physically assaulted plaintiff once more, including striking her in the face and in the head.  (Id. ¶¶ 23-25.)  Defendant Augusto then transported plaintiff to an emergency room, upon the recommendation of another officer who had arrived at the scene.  (Id. ¶ 26.)  On March 14, 2006, plaintiff filed a complaint on the basis of these allegations against defendants Timm and Augusto and against the City of Fairfield.  (Id.)

Defendants filed this motion for a more definite statement and partial motion to dismiss on April 27, 2006, contending that plaintiff has not given them sufficient notice of the claims she asserts and additionally has alleged claims without a sufficient factual basis.  Plaintiff concedes that the

2

1  complaint should be amended and seeks the court's permission to

2  file a First Amended Complaint by July 12, 2006.  Defendants

3  agree only to postpone this motion until after the time that

4  plaintiff has provided them with her First Amended Complaint, and

5  alternatively ask the court to grant the motion with leave to

6  amend.

7  II.  <u>Discussion</u>

8       A.  <u>Motion to Dismiss</u>

9            At the pleading stage, the plaintiff need only set

10 forth "a short and plain statement of the claim showing that the

11 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2);

12 <u>Leatherman v. Tarrant County Narcotics Intelligence &</u>

13 <u>Coordination Unit</u>, 507 U.S. 163, 168 (1993).  A complaint need

14 only "give the defendant fair notice of what the plaintiff's

15 claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>,

16 355 U.S. 41, 47 (1957).  Consequently, on a motion to dismiss,

17 the court accepts the allegations in the complaint as true and

18 draws all reasonable inferences in favor of the pleader.  <u>Scheuer</u>

19 <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Cruz v. Beto</u>, 405 U.S. 319

20 (1972).  The court does not, "however, necessarily assume the

21 truth of legal conclusions merely because they are cast in the

22 form of factual allegations."  <u>W. Mining Council v. Watt</u>, 643

23 F.2d 618, 624 (9th Cir. 1981).  "[A] simple declaration that

24 defendant's conduct violated the ultimate legal standard at issue

25 . . . does not suffice."  <u>Gregory v. Daly</u>, 243 F.3d 687, 692 (2d

26 Cir. 2001).  Still, the court may not dismiss for failure to

27 state a claim "unless it appears beyond doubt that plaintiff can

28 prove <u>no</u> set of facts in support of his claim which would entitle

3

1   him to relief." <u>Van Buskirk v. CNN, Inc.</u>, 284 F.3d 977, 980 (9th
2   Cir. 2002) (emphasis added).

3       Defendants contend that plaintiff has not stated claims
4   upon which relief can be granted of First, Fifth, or Fourteenth
5   Amendment violations under 42 U.S.C. § 1983.  Plaintiff's
6   complaint initially alleges that the action arises under the
7   First, Fourth, Fifth, and Fourteenth Amendments to the United
8   States Constitution and under § 1983.[1]  (Compl. ¶ 1.)  It also
9   includes a detailed account of plaintiff's factual allegations.
10  However, no further mention of the constitutional violations is
11  made in the complaint's "Causes of Action" section.  Instead, the
12  causes of action alleged in the complaint are limited to the
13  following: assault, battery, intentional infliction of emotional
14  distress, negligent infliction of emotional distress, and
15  respondeat superior.  (<u>Id.</u>)

16      Taking the facts in plaintiff's complaint as true, the
17  violations of plaintiff's rights alleged appear to be based on
18  her arrest, the use of excessive force during her arrest, and
19  discriminatory conduct by defendants.  Although plaintiff alleges
20  a violation of her Fifth Amendment rights, the Fifth Amendment
21  contains an equal protection component that only "prohibit[s] the
22  <u>United States</u> from invidiously discriminating between individuals

23

24

25

26
27      [1]   Plaintiff additionally alleges that federal question
    jurisdiction is conferred upon this court under 28 U.S.C. § 1331
28  and 42 U.S.C. § 1983, and that supplemental jurisdiction over her
    state law claims is conferred under 28 U.S.C. § 1367.

1   or groups."  Washington v. Davis, 426 U.S. 229, 238 (1976).[2]

2   Defendant Augusto, as a municipal police officer, was not an

3   employee of the federal government.  Therefore, because the

4   complaint does not include allegations against any officers of

5   the federal government that would constitute violations of the

6   Fifth Amendment, there does not appear to be a factual basis for

7   plaintiff to state a Fifth Amendment claim.[3]

8          Additionally, plaintiff has not identified a specific

9   constitutional right under the First Amendment that has been

10  violated, and the facts of plaintiff's complaint do not set out a

11  clear basis for a First Amendment violation.  Nowhere does

12  plaintiff suggest that, in the process of her arrest and the

13  subsequent use of force by defendants, her freedom of speech,

14  religion, or assembly was in any way impaired by defendants'

15  conduct.  See U.S. Const. amend. I ("Congress shall make no law

16  respecting an establishment of religion, or prohibiting the free

17  exercise thereof; or abridging the freedom of speech, or of the

18  press; or the right of the people peaceably to assemble, and to

19  petition the Government for a redress of grievances."); Sloman v.

20  Tadlock, 21 F.3d 1462, 1469-70 (9th Cir. 1994) (noting that

21  liability under § 1983 may arise when a police officer uses his

22

23          [2]   This is in contrast to the Fourteenth Amendment, which
24  protects against discriminatory treatment by state actors.
    Washington, 426 U.S. at 238.

25          [3]   Plaintiff concedes that the motion to dismiss this
26  claim has merit and has agreed not to pursue Fifth Amendment
    claims based on due process.  She further states that if she re-
    alleges facts regarding racial animus in the first amended
27  complaint, presumably with regard to her Fourteenth Amendment
    claim, she will do so with the necessary clarity and specificity
28  to put defendants on notice.

1  official powers to "warn, cite and arrest" in some manner that

2  "deterred or chilled" political expression).   Therefore,

3  defendants' motion to dismiss the complaint will be granted as to

4  the allegations implicating the First and Fifth Amendments.

5      B.    Motion for More Definite Statement

6          Defendant also moves for a more definite statement

7  under Rule 12(e).   "If a pleading to which a responsive pleading

8  is permitted is so vague or ambiguous that a party cannot

9  reasonably be required to frame a responsive pleading, the party

10 may move for a more definite statement before interposing a

11 responsive pleading."   Fed. R. Civ. P. 12(e).   "Motions for more

12 definite statement are proper only where a complaint is so

13 indefinite that the defendant cannot ascertain the nature of the

14 claim being asserted."   Advanced Microtherm, Inc. v. Norman

15 Wright Mech. Equip. Corp., No. 04-02266, 2004 WL 2075445, at *12

16 (N.D. Cal. Sept. 15, 2004).

17          In support of their motion for more definite statement,

18 defendants contend that they cannot determine the nature of

19 plaintiff's claims.   In particular, it is unclear whether

20 plaintiff's allegations are brought under federal or state law,

21 nor can they determine what place plaintiff's citation of

22 constitutional law has in her allegations.   The ambiguous nature

23 of plaintiff's claims does require clarification.   Therefore,

24 plaintiff should clearly allege whether her claims are brought

25 under federal or state law, or both, in her First Amended

26 Complaint.

27 ///

28 ///

IT IS THEREFORE ORDERED that:

(1) defendants' motion to dismiss plaintiff's First and Fifth Amendment claims be, and the same hereby is, GRANTED;

(2) defendants' motion to dismiss as to all other claims be, and the same hereby is, DENIED; and

(3) defendants' motion for a more definite statement be, and the same hereby is, GRANTED in part for clarification as to whether plaintiff's claims arise under federal or state law.

Plaintiff is hereby ordered to file a First Amended Complaint that is consistent with this court's order no later than July 12, 2006.

DATED:  June 12, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7