UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TANYA CREAL,

        Plaintiff,

   v.

CITY OF FAIRFIELD, PAUL AUGUSTO, CHUCK TIMM, DOES 1-10,

        Defendants.

NO. CIV. S-06-560 WBS PAN (JFM)

MEMORANDUM AND ORDER RE: MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO DISMISS IN PART

----oo0oo----

        Pending before the court are defendants City of Fairfield and Paul Augusto's motion for a more definite statement under Rule 12(e) and motion to dismiss in part under Rule 12(b)(6).  For the following reasons, the court denies defendants' motions.

I.    <u>Factual and Procedural Background</u>

        According to the allegations of the complaint, on April 20, 2004, plaintiff was driving a 1987 Cadillac De Ville when she was stopped by defendant Chuck Timm, a member of the Fairfield

1

Police Department.  (Compl. ¶¶ 7, 13, 14.)  When plaintiff was asked to present her license and identification, she handed defendant Timm her temporary driver's license from the California Department of Motor Vehicles.  (Id. ¶ 15.)  After contesting the validity of plaintiff's proffered license, defendant Timm was allegedly assisted by defendant Augusto in restraining and physically assaulting plaintiff with excessive force.  (Id. ¶¶ 16-20.)  Defendants allegedly continued to restrain plaintiff even after she informed them that being restrained caused her great pain because of pre-existing spinal injuries.  (Id. ¶ 19.) Subsequently, upon placing plaintiff in the back of the police vehicle, defendant Augusto allegedly made threatening and racially discriminatory comments to her.  (Id. ¶ 21.)

It is further alleged that while plaintiff and defendants were presumably en route to the police station, defendant Augusto stopped the patrol car, removed plaintiff from the vehicle, and physically assaulted plaintiff once more, including striking her in the face and in the head.  (Id. ¶¶ 23-25.)  Defendant Augusto then transported plaintiff to an emergency room, upon the recommendation of another officer who had arrived at the scene.  (Id. ¶ 26.)  On March 14, 2006, plaintiff filed a complaint on the basis of these allegations against defendants Timm and Augusto and against the City of Fairfield.  (Id.)

This court previously granted defendants' motion to dismiss in part by ordering the dismissal of plaintiff's First and Fifth Amendment claims.  The court additionally granted the motion for a more definite statement in part by ordering

2

1 plaintiff to clarify whether her claims arise under federal or
2 state law.
3      Plaintiff has now filed a First Amended Complaint on
4 July 12, 2006, in which she alleges both federal and state
5 claims. (First Am. Compl. ¶¶ 1-2.)  Plaintiff alleges violations
6 of her Fourth and Fourteenth Amendment rights and her rights
7 under 42 U.S.C. § 1983 (id. ¶ 1), and additionally alleges the
8 following state law claims against all defendants: battery,
9 intentional infliction of emotional distress, and negligent
10 infliction of emotional distress. (Id. ¶¶ 6-8.)  The remaining
11 state law claims allege assault as to defendant Paul Augusto and
12 defendant City of Fairfield, and respondeat superior as to the
13 City of Fairfield. (Id. ¶¶ 6, 8.)
14      Defendants now renews their motion to dismiss and for a
15 more definite statement, arguing that the First Amended Complaint
16 fails to (1) clearly state how state tort law claims may become
17 Fourth and Fourteenth Amendment violations, (2) state a cause of
18 action under 42 U.S.C. § 1983, (3) state the allegations
19 sufficiently for defendants to be able to raise the defense of
20 qualified immunity, and (4) properly allege causes of action
21 against defendant City of Fairfield under state tort law.
22 II. Discussion
23      A.   Motion to Dismiss
24           At the pleading stage, the plaintiff need only set
25 forth "a short and plain statement of the claim showing that the
26 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);
27 Leatherman v. Tarrant County Narcotics Intelligence &
28 Coordination Unit, 507 U.S. 163, 168 (1993).  A complaint need

only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A plaintiff "is not required to state the statutory or constitutional basis for his claim, only the facts underlying it." McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223-24 (9th Cir. 1990) (citing Haddock v. Bd. of Dental Exam'rs of Cal., 777 F.2d 462, 464 (9th Cir. 1985) for the proposition that a complaint "should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory"). Consequently, on a motion to dismiss, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319, 322 (1972).

The court does not, "however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); see also Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc., 52 F.3d 373, 375 (D.C. Cir. 1995) (noting that courts "are not to accept inferences drawn by [plaintiffs] if they are unsupported by the alleged facts, nor [should they] accept purely legal conclusions masquerading as factual allegations"). "[A] simple declaration that defendant's conduct violated the ultimate legal standard at issue . . . does not suffice." Gregory v. Daly, 243 F.3d 687, 692 (2d Cir. 2001). Still, the court may not dismiss for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to

4

relief." Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (emphasis added).

Defendants first contend that plaintiff does not allege a violation of her Fourth Amendment rights or her rights under § 1983. Taking the facts in plaintiff's complaint as true for the purposes of this motion to dismiss, the violations of plaintiff's rights alleged appear to be based on her arrest and the use of excessive force during her arrest. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). When an "excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." Id. Plaintiff's factual allegations provide detailed conduct that could form the basis for Fourth Amendment violations, and therefore are not "inferences . . . unsupported by the alleged facts, nor . . . purely legal conclusions masquerading as factual allegations." Maljack Prods., Inc, 52 F.3d at 375. Thus, plaintiff's factual allegations clearly support a Fourth Amendment claim and, relatedly, a claim under § 1983. See McCalden, 955 F.2d at 1223 (noting that the complaint need not "state the statutory or constitutional basis for [the] claim, only the facts underlying it" and concluding that a complaint should not be dismissed for failure to state a claim under § 1983 when the plaintiff "explicitly mention[ed] 42 U.S.C. § 1983 in the first paragraph of his complaint, which [wa]s incorporated by reference in his

5

fourth claim").

Defendants also contend that plaintiff does not sufficiently allege a violation of her Fourteenth Amendment rights. "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Washington v. Davis, 426 U.S. 229, 238 (1976). Here, plaintiff has alleged that defendant Auguosto made racially discriminatory comments and threats to her and committed assault and battery on her person. These facts are sufficient to state a claim under the Fourteenth Amendment. See United States v. Travis, 62 F.3d 170, 174 (6th Cir. 1995) (noting that even "consensual encounters and searches based solely on race may violate the Equal Protection Clause of the Fourteenth Amendment").

Defendants additionally move to dismiss the tort claims against the City of Fairfield, arguing that a city may not be sued in tort absent statutory authority permitting such a suit. "Under the California Tort Claims Act (Gov. Code, § 810 et seq.), 'a public entity is not liable for injury arising from an act or omission except as provided by statute.'" Hoff v. Vacaville Unified Sch. Dist., 19 Cal. 4th 925, 932 (1998). Yet § 815.2 of the California Government code provides for respondeat superior liability as follows: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee . . . ." Thus, the City of Fairfield may be liable to plaintiff if its employees committed

6

torts against plaintiff, which is the basis for plaintiff's allegations here. See Hoff, 19 Cal. 4th at 933 (concluding that a school district would be liable if its employees' actions towards the plaintiff sounded in negligence). Therefore, defendants' motion to dismiss must be denied on this ground as well.

### B. Motion for More Definite Statement

Defendants also move for a more definite statement under Rule 12(e). "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994); see also Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp., No. 04-02266, 2004 WL 2075445, at *12 (N.D. Cal. Sept. 15, 2004) ("Motions for more definite statement are proper only where a complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.").

In support of their motion for more definite statement, defendants contend that they cannot determine the nature of plaintiff's claims and seek a "clear, unambiguous accounting" of the allegations against them. (Defs.' Mot. for More Definite

7

Statement and Mot. to Dismiss 8.)  Plaintiff has clearly alleged the factual basis for her claims, the defendants to whom they apply, and also states relevant legal theories.  Thus, the complaint allows defendants to ascertain the nature of the claims against them, and the motion for a more definite statement will be denied.

       IT IS THEREFORE ORDERED that defendants' motion to dismiss the First Amended Complaint be, and the same hereby is, DENIED.

       IT IS FURTHER ORDERED that defendants' motion for a more definite statement be, and the same hereby is, DENIED.

DATED:  September 18, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE