UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TANYA CREAL,

        Plaintiff,

   v.

CITY OF FAIRFIELD, PAUL AUGUSTO, CHUCK TIMM, DOES 1-10,

        Defendants.

NO. CIV. S-06-560 WBS PAN (JFM)

MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT

----oo0oo----

Defendants City of Fairfield and Fairfield Police Officer Paul Augusto ("defendants") move for summary judgment.[1] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

---

[1] The court has dismissed with prejudice claims against defendant Fairfield Police Sergeant Chuck Timm. (June 7, 2007 Stipulation Order.)

1

Acknowledging that plaintiff and defendants present conflicting stories defendants argue that the record blatently contradicts plaintiff's version. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 127 S. Ct. 1769, 1776 (2007).

Defendants argue that Augusto's version of the physical altercation with plaintiff should be adopted by the court for purposes of this motion. Officer Augusto testified that plaintiff bit him. Plaintiff denies biting Augusto and maintains she was punched by him several times. Defendants cite the testimony of Missy Smith, the intake nurse at Northbay Medical Center, and plaintiff's medical records in support of Augusto's contention that he was bitten by plaintiff and applied a single distraction blow as a reasonable means of self-defense. Smith testified that plaintiff told her she had bitten Augusto. (Smith Dep. 17:2-4.) Smith noted this information on plaintiff's intake form. (Id. 15:17-17:4.) Additionally, defendants proffer plaintiff's medical records indicating that the only hard sign of injury was to the left side of plaintiff's face area. (Addams Decl. Ex. D p. 5.)

On the other hand, the emergency department physician's record reflects that the injury to the left side of plaintiff's face also includes an injury to part of her ear, specifically the left tympanic membrane. (Addam Decl. Ex. D p. 5; Harvey Dep. 15:3-5, 19:10-14.) Plaintiff also proffers testimony of her

2

husband, Claude Caviness, indicating that her face the next day was very swollen. (Caviness Dep. 17:2-4.)  There was no medical examination of Officer Augusto to confirm that he was bitten. This court cannot say that it would be unreasonable as a matter of law for a jury to conclude from this evidence that Augusto punched plaintiff several times.

This is not a case like <u>Scott v. Harris</u>, <u>supra</u>.  There, the court declined to adopt respondent's version of events--the default on summary judgment--because the record blatantly contradicted respondent's version of the facts.  127 S. Ct. at 1775-76.  However, the Supreme Court acknowledged the unusual circumstances involved in that case, i.e. a videotape capturing the events in question.  <u>Id.</u> at 1775.  Because "[r]espondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him[,] [t]he Court of Appeals should not have relied on such visible fiction."  <u>Id.</u> at 1776.

For this court to adopt defendants' version of the facts would require a favorable interpretation of Smith's credibility and a weighing of the medical evidence.  The court cannot engage in either as those determinations are the province of the jury.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Therefore, the court must adopt plaintiff's version of the disputed facts for purposes of this motion.

A.   <u>Plaintiff's Fourth Amendment Claims</u>

Plaintiff does not contest that there was probable cause for her initial arrest.  (Pl.'s Opp'n 9:2).  Under the Fourth Amendment, police may use only such force as is objectively reasonable under the circumstances.  <u>Graham v.</u>

3

Connor, 490 U.S. 386, 397 (1989); Scott v. Henrich, 39 F.3d 912, 914 (9th Cir. 1994). Summary judgment is appropriate if, after resolving all factual disputes in favor of the plaintiff, the district court concludes that the officer's use of force was objectively reasonable. Scott, 39 F.3d at 914.

The court concludes that no reasonable jury could find Augusto's use of force, or the amount of force employed, unreasonable under these circumstances. Plaintiff does not contest that Augusto's use of force in the presence of Timm was constitutional. (Pl.'s Opp'n 10:10-11.) Accordingly, the decision to use force and amount of force employed to execute the initial arrest did not violate plaintiff's Fourth Amendment rights.

However, plaintiff alleges that Augusto's subsequent use of force was unreasonable, and it is a disputed material fact whether Augusto punched plaintiff on several occasions and threw her against the ground. In assessing whether Augusto's use of force was reasonable, the court must take plaintiff's version as true.

To grant defendants' motion the court must determine that Augusto's conduct was objectively reasonable under the circumstances. Graham, 490 U.S. at 397. In assessing the gravity of a particular intrusion on Fourth Amendment rights, the factfinder must evaluate the type and amount of force inflicted. Chew v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994) (citing Graham, 490 U.S. at 396). When "weighing the governmental interests involved the following should be taken into account: (1) the severity of the crime at issue, (2) whether the suspect poses an

4

immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

Construing the record in favor of the nonmoving party, Augusto punched plaintiff several times as a result of her screaming for her husband and moving around in the back seat of the car. The court cannot conclude as a matter of law that Augusto's use of force was reasonable. Plaintiff was initially arrested for vehicular misdemeanors. (Timm Decl. Ex. A.) It is disputed whether plaintiff was a severe threat to Augusto's safety and whether she resisted. If plaintiff is believed, Augusto's use of force was unreasonable under the Graham factors. Hansen v. Black, 885 F.2d 642, 645 (9th Cir. 1989) ("Viewing the facts in a light most favorable to Hansen, the officers used excess force on Hansen by unreasonably injuring her wrist and arm as they handcuffed her." (reversing district court's grant of summary judgment)). Accordingly, defendants' motion for summary judgment on plaintiff's Fourth Amendment claim must be denied for Augusto's subsequent use of force during the battery arrest.

B.  Augusto's Qualified Immunity

As an affirmative defense, defendants assert that Augusto is entitled to qualified immunity. Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitution rights of which a reasonable person should have known." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) (internal

quotations omitted). The test for qualified immunity thus "necessitates three inquires: 1) the identification of the specific right violated; 2) the determination of whether that right was so 'clearly established' as to alert a reasonable officer to its constitutional parameters; and 3) the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue." Id.

The right not to be subjected to unreasonable force during an arrest is clearly established. Police may use only such force as is objectively reasonable under the circumstances. Graham, 490 U.S. at 397 (1989); Scott, 39 F.3d at 914. If plaintiff's testimony is believed by the factfinder, Officer Augusto's use of force in conjunction with the arrest for battery was not objectively reasonable.

The final step in analyzing qualified immunity requires an objective analysis of whether the officer's conduct in this instance was reasonable. Anderson v. Creighton, 483 U.S. 635, 641 (1987). The relevant inquiry is whether a "reasonable officer" in the defendant's position could have believed that the conduct at issue was lawful. Id. If plaintiff's testimony is credited, Officer Augusto is not entitled to qualified immunity under the "reasonableness standard" of the Fourth Amendment. According to plaintiff, Augusto punched plaintiff numerous times and threw her against the ground. The medical record also shows injury. Under these circumstances, no reasonable officer could believe that punching plaintiff and throwing her to the ground

was constitutional.[2]  Qualified immunity is an affirmative defense, and defendants have failed to meet their requisite burden.  DeNieva, 966 F.2d at 486.

    C.    Plaintiff's Fourteenth Amendment Claims

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall . . . deny to any person within its jurisdiction equal protection of its laws."  "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."  Washington v. Davis, 426 U.S. 229, 238 (1976).  In a § 1983 claim alleging a violation of equal protection, a plaintiff "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional."  Fed. Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citing Stones v. Los Angeles Cmty. College Dist., 796 F.2d 270, 275 (9th Cir. 1986)) (further citations omitted).  Further, a plaintiff need "only produce evidence sufficient to establish a genuine issue of fact as to the defendant's motivations."  Id.

---

[2]  See Davis v. City of Las Vegas, 478 F.3d 1048, 1057 (9th Cir. 2007) ("Any reasonable officer . . . would have known, in light of the Graham factors and our case law interpreting them, that swinging a handcuffed man into a wall head-first multiple times and then punching him in the face while he lay face-down on the ground, and breaking his neck as a result, was unnecessary and excessive."); Benas v. Baca, 159 Fed. Appx. 762, 764-65 (9th Cir. 2005) (where officer's use of force in the form of a closed-fist punch to plaintiffs face was so severe that it precludes summary judgment, there are also material factual disputes as to whether police officer reasonably should have known that his conduct violated "clearly established" law so that qualified immunity should not have been granted on summary judgment); Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir. 1993) (no reasonable officer could believe that fastening handcuffs so tightly around his wrist that they caused Palmer pain and left bruises that lasted for several weeks was constitutional).

7

The only evidence of racial animus plaintiff proffers is her deposition testimony that Augusto made remarks about her hair. (Pl.'s Am. Resp to Defs.' Statement of Undisputed Facts # 46.) However, plaintiff admitted that she interpreted these remarks as race-biased but that he had not said anything in particular that she could identify as showing racial animus. (Id.; Creal Dep. 81:14-82:15.)  No reasonable jury would conclude that plaintiff has established intentional discrimination; therefore, her claim fails as a matter of law. Fed. Deposit Ins. Corp., 940 F.2d at 471. Moreover, plaintiff does not contest that she has failed to establish intentional discrimination. (Opp'n 8 (stating that plaintiff makes no claim of racial or gender discrimination).) Accordingly, the court will grant defendants' motion with regard to plaintiff's Fourteenth Amendment claims.

D. City of Fairfield's Monell Liability

Plaintiff seeks to hold defendant City of Fairfield liable for Augusto's alleged constitutional violations on a Monell theory.[3] The Supreme Court has made it clear that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of NY, 436 U.S. 658, 691 (1978). The City of Fairfield may be sued under 42 U.S.C. § 1983, when "the action that is alleged to be unconstitutional implements or executes a policy statement,

---

[3] Monell refers to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), in which the Supreme Court held that a local government can be sued under 42 U.S.C. § 1983 when execution of a government's policy or custom results in a violation of constitutional rights.

8

ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. In the alternative, the city may be liable where the municipality's failure to train employees amounts to "deliberate indifference" to the rights of persons with whom the police come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989); Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994). A plaintiff bringing a Monell claim must demonstrate both that a constitutional deprivation occurred and that the municipality was the "moving force behind the injury alleged." Id. at 385; Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff submitted a formal complaint after the incident with Augusto. (Creal Decl. Ex. 1.) Plaintiff contends that the city denied the complaint. (Id. ¶ 17.) Plaintiff argues that these actions demonstrate that the City of Fairfield sanctioned Augusto's conduct as within normal policies, patterns, and practices of the Fairfield Police Department. (Opp'n 16-17.) To prevail on this theory, however, a plaintiff has "to prove 'the existence of a widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" Gillette v. Delmore, 979 F.2d 1342, 1348-1349 (9th Cir. 1992) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1989) (internal quotations omitted)). A plaintiff may attempt to prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal official was not discharged or reprimanded. See McRorie v. Shimoda, 795

9

1  F.2d 780, 784 (9th Cir. 1986).
2          Plaintiff has not produced such evidence.  Nor did
3  plaintiff present evidence of a pattern of failures of the City
4  of Fairfield failing to discipline officers for utilizing
5  excessive force.  In fact, plaintiff relies on this singular
6  instance with Augusto.  There is no evidence of unpunished,
7  repeated constitutional violations or any evidence indicating a
8  widespread practice of the City tolerating uses of excessive
9  force by its officers.  Moreover, a single incident like the
10 allegations against Augusto do not rise to the "level of the
11 'well-settled,' 'widespread' practices contemplated in the cases
12 discussing municipal liability."  Sloman v. Tadlock, 21 F.3d
13 1462, 1470 (9th Cir. 1994) (quoting Thompson v. City of Los
14 Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989) (citing cases)); see
15 also Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir.
16 1991) (a single incident alleged in a complaint, especially if it
17 involved only actors below the policy-making level, does not
18 suffice to show a municipal policy) (citing cases)).
19 Accordingly, the court will grant defendants' motion to dismiss
20 plaintiff's Monell claims.
21      E.    State Law Claims
22          Plaintiff alleges five causes of action under state
23 law: assault, battery, intentional infliction of emotional
24 distress, negligent infliction of emotional distress, and
25 respondeat superior liability (against City of Fairfield only).
26          Defendants argue that the city is not liable because
27 Augusto is not liable and that a municipality may not be sued in
28 tort absent statutory authority permitting such a suit.  (Defs.'

10

1  Mot. for Summ. J. 23:22-24:23.)  However, with regard to
2  Augusto's liability, for the reasons discussed above, the court
3  cannot conclude that Augusto's actions surrounding the battery
4  arrest were reasonable as a matter of law.  With regard to the
5  City's liabililty, § 815.2 of the California Government code
6  provides for respondeat superior liability as follows: "A public
7  entity is liable for injury proximately caused by an act or
8  omission of an employee of the public entity within the scope of
9  his employment if the act or omission would, apart from this
10 section, have given rise to a cause of action against that
11 employee . . . ."
12         Thus, the City of Fairfield may be liable if Augusto
13 committed torts against plaintiff, which is the basis for
14 plaintiff's allegations here.  See Hoff v. Vacaville Unified Sch.
15 Dist., 19 Cal 4th 925, 933 (1998).  The complaint states claims
16 for assault and battery, intentional and negligent infliction of
17 emotional distress.  Further, California Government Code § 825
18 requires a municipality to pay a judgment against its employees
19 unless liability arose outside the scope of the defendant
20 employee's employment and an agreement existed between the
21 municipality and defendant employee so providing.  Cal. Gov't
22 Code § 825(a).
23         IT IS THEREFORE ORDERED that:
24         (1) defendants' motion for summary judgment on
25 plaintiff's Fourteenth Amendment causes of action be, and the
26 same hereby is, GRANTED;
27         (2) defendants' motion for summary judgment on
28 plaintiff's federal claims as against defendant City of Fairfield

be, and the same hereby is, GRANTED;

    (3) defendants' motion for summary judgment on plaintiff's Fourth Amendment claims be, and the same hereby is, GRANTED, as to the arrest of use of force during the initial arrest for vehicular crimes, but DENIED, as to the subsequent battery arrest and use of force concurrent and subsequent thereto; and

    (4) in all other respects, defendants' motion for summary judgment be, and the same hereby is, DENIED.

DATED: July 9, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE